```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


JOHN T. HIGGINS,                 )
        Plaintiff,               )
                                 ) Civ. Action No. 19-12182-PBS
        v.                       )
                                 )
CITY OF MELROSE, et al.,         )
        Defendants.              )
```

## MEMORANDUM AND ORDER

November 20, 2019

SARIS, C.D.J.

On October 21, 2019, pro se plaintiff John T. Higgins filed a complaint naming as defendants the City of Melrose and Stephen's Auto Body & Towing Service. See Docket No. 1. With the complaint, he filed motions to proceed in forma pauperis, for examination, and for review. See Docket Nos. 2-4.

Upon review of the Higgins' motion for leave to proceed in forma pauperis, the Court concludes that he has shown that he is without assets to pay the filing fee. Accordingly, he is permitted to proceed in forma pauperis.

The Court's records indicate that Higgins twice before filed complaints based on the same facts and asserting the same claims. See Higgins v. City of Melrose, et al., 19-11557-PBS (dismissed October 2, 2019); Higgins v. City of Melrose, et al., C.A. No. 18-12605-PBS (dismissed Jul. 3, 2019) (adopting Jun. 17, 2019 report and recommendation). Higgins is barred by the

doctrine of res judicata from reviving the claims asserted in his earlier actions.

"'Under the federal law of res judicata, a final judgment on the merits of an action precludes the parties from relitigating claims that were raised or could have been raised in that action.'" Mather v. GSI Lumonics, Inc., 443 F.3d 123, 126 (1st Cir. 2005) (quoting Porn v. Nat'l Grange Mut. Ins. Co., 93 F.3d 31, 34 (1st Cir. 1996)). Res judicata applies if three factors are present: "(1) a final judgment on the merits in the earlier action; (2) an identity of the cause of action in both the earlier and later suits; and (3) an identity of parties ... in the two suits." Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1165 (1st Cir. 1991).

The complaint here is based on the same facts underlying the claims that the district court confronted and dismissed in Higgins' two prior actions. In the first action, after the City of Melrose moved to dismiss, the action was dismissed in its entirety for lack of subject-matter jurisdiction. See Higgins v. City of Melrose, et al., C.A. No. 18-12605-PBS. Judgment entered in the second action on the basis that the complaint failed to state a plausible claim for relief. See Higgins v. City of Melrose, et al., 19-11557-PBS.

Where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a

dismissal sua sponte is appropriate. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted). Given the nature of the identified deficiencies, amendment would be futile and this action is dismissed as barred by res judicata.

Accordingly, it is hereby Ordered that:

1. Plaintiff's motion (Docket No. 2) for leave to proceed in forma pauperis is ALLOWED.

2. Plaintiff's complaint (Docket No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. The Clerk shall enter a separate and final order of dismissal.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
CHIEF UNITED STATES DISTRICT JUDGE